43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luther Wallace KLUMP, Plaintiff-Appellant,
v.
UNITED STATES of America; Bruce Babbitt, Secretary of the
Interior, Defendants-Appellees.
 No. 94-15837.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luther Wallace Klump appeals pro se the district court's summary judgment for the United States and the Secretary of the Interior in his suit brought under the Administrative Procedure Act ("APA"), 5 U.S.C. Sec. 706(c). Klump sought to overturn various administrative orders, affirmed by the Interior Board of Land Appeals ("IBLA"), which upheld the Bureau of Land Management's ("BLM") determinations that he willfully trespassed on federal lands by allowing his cattle to graze in an area prohibited by his grazing permit. The administrative determinations also resulted in the BLM's cancellation of his grazing permit.
 
 
 3
 On appeal, Klump contends that the BLM engaged in improper and wrongful conduct by taking away his water and grazing rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Standard of Review
 
 
 5
 We review de novo the district court's grant of summary judgment. Alexander v. City & County of San Francisco, 29 F.3d 1355, 1359 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 6
 Final decisions of the IBLA are reviewed under the APA. Fallini v. Hodel, 963 F.2d 275, 277 (9th Cir.1992). Under the APA, agency decisions may be set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(A); Northwest Motorcycle Ass'n v. USDA, 18 F.3d 1468, 1471 (9th Cir.1994). The scope of judicial review under this standard is narrow, and this court " 'cannot merely substitute [its] judgment for that of the IBLA.' " Fallini, 963 F.2d at 277 (quoting Baker v. United States, 613 F.2d 224, 226 (9th Cir.1980)).
 
 II
 Merits
 
 7
 Klump contends that: (1) the grazing permit's restriction on his use of BLM land is invalid because it violates his water and grazing rights; and (2) the BLM's decision to revoke his permit was improper. These contentions lack merit.
 
 
 8
 Klump raises cattle on land he owns in eastern Arizona. In addition to this land, Klump received a grazing permit from the BLM pursuant to the Taylor Grazing Act, 43 U.S.C. Sec. 315 et seq. (1993) (as amended). The permit gave him grazing rights on approximately 48,000 acres of BLM land, but expressly excluded all livestock from certain protected areas. Klump disagreed with the permit's restrictions. Nonetheless, he signed the permit and chose not to bring a formal protest, even though the BLM explicitly offered him the opportunity pursuant to 43 C.F.R. 4160.2. Instead, Klump disregarded the restrictions and intentionally allowed his cattle to graze in the protected areas.
 
 
 9
 Klump's contention that he possesses water and grazing rights to the public land owned by the United States is not supported by the record. First, contrary to Klump's contention, the BLM's issuance of a permit under the Taylor Act does "not create any right, title, interest, or estate in or to the lands." 43 U.S.C. Sec. 315b; see also Holland Livestock Ranch v. United States, 655 F.2d 1002, 1005 (9th Cir.1981) ("[a]s against the United States, a permittee can acquire no right or interest in the federal grazing lands"). Second, as Klump concedes, his legal claim for the right to use water in one of the protected areas, although filed in state court, has not yet been settled by the State of Arizona. In sum, Klump has no legally cognizable water or grazing rights in the protected areas. Therefore, the grazing permit is not invalid due to any alleged violation of Klump's rights in such areas.
 
 
 10
 In addition, Klump's grazing permit was properly revoked by the BLM because grazing permits may be cancelled or suspended "for any violation of ... any term or condition of such grazing permit." 43 U.S.C. Sec. 1752(a); see also Holland Livestock Ranch, 655 F.2d at 1005. Here, Klump intentionally allowed his cattle to graze in protected areas expressly prohibited by the grazing permit. Thus, Klump violated a term or condition of his grazing permit and revocation was proper. 43 U.S.C. Sec. 1752(a); Holland Livestock Ranch, 655 F.2d at 1005.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3